UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENYATTA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:02CV01250 ERW |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

This matter comes before the Court upon Plaintiff's Motion to Quash of Modify Subpoena [doc. #189].[1] A hearing was held on February 15, 2007, and the Court heard arguments from the parties on the Motion.

Plaintiff filed this prisoner civil rights action in August 2002, alleging that the employees of the Missouri Department of Corrections and Correctional Medical Services violated his constitutional rights, after he was attacked by a fellow prison inmate, Rafael Jackson ("Mr. Jackson"), on August 31, 2001. Specifically, Plaintiff argues that Defendants knowingly or recklessly disregarded Plaintiff's rights and safety.

In the Motion to Quash, Defendants move the Court to quash Plaintiff's subpoena requesting all documents related to Mr. Jackson's confinement at Potosi Correctional Center. Defendants state that the documents are protected under the doctor/patient privilege, Missouri

---

[1]At the hearing on this matter, Plaintiff stated that the portion of his Motion directed to the subpoena of "any and all documents related to the incident," (video recordings and photographs of housing unit 3-B on August 31, 2001; photographs of inmate Rafael Jackson and Correctional Officer Arvin Zettler, on said date; interview notes, reports, drafts of reports, time record logs and correspondence related to the incident) have been resolved and that Defendants have provided all requested documents. Thus, the Court's Order will not address this portion of the Motion.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Revised Statute, §217.075 and the Health Insurance Portability and Accountability Act. Defendants also argue that releasing this information will compromise the safety and security concerns of the Department of Corrections.

In opposing the Motion, Plaintiff states that the information he seeks is relevant to determining the information available to Defendants about Mr. Jackson, prior to the August 2001 attack. Plaintiff further contends that courts have not recognized nor adopted any privilege that shields prisoner records from disclosure.

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Importantly, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Plaintiff has demonstrated that the discovery of documents related to the prosecution and punishment of Mr. Jackson, as a result of his August 31, 2001 attack on Plaintiff, is reasonably calculated to lead to the discovery of admissible evidence and that such discovery is relevant to Plaintiff's claims in this lawsuit.

The Court believes that Plaintiff may be entitled to the discovery of documents pertaining to Mr. Jackson's confinement at Potosi Correctional Center, prior to August 31, 2001. The Court notes the heightened level of protection granted prisoner records, however. Accordingly, the Court will order Defendants' counsel to submit, for *in camera* review by the Court, all documents responsive to Defendants' request for discovery of "any and all documents related to inmate Rafael

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Jackson's confinement at Potosi Correctional Center," prior to August 31, 2001. Specifically, Defendants shall produce Mr. Jackson's classification file, and all documents evidencing the dates of Mr. Jackson's confinement in housing unit 3-B at Potosi Correctional Center; the dates of Mr. Jackson's confinement in administrative segregation at Potosi Correctional Center and the psychiatric evaluation of Mr. Jackson, prior to August 31, 2001.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Quash [doc. #189], at this time, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants John W. Hooker, Augustus E. Hannel, and Harold Leventry shall, no later than **February 26, 2007**, respond in full to Plaintiff Kenyetta Williams' subpoena for production of any and all documents related to the prosecution and punishment of Rafael Jackson occurring as a result of the August 31, 2001 attack on Plaintiff at the Potosi Correctional Center.

**IT IS FURTHER ORDERED** that Defendants' counsel shall, no later than **February 26, 2007**, produce for in camera inspection by the Court, all documents responsive to Defendants' request for discovery of "any and all documents related to inmate Rafael Jackson's confinement at Potosi Correctional Center," prior to August 31, 2001, as described in this Order. Pending this Court's in camera review, the Dispositive Motion deadline in this matter is extended to **March 30, 2007**.

Dated this 15th day of February, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com