UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KENYATTA WILLIAMS,                 )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )            Case No. 4:02CV01250 ERW
                                   )
JOHN W. HOOKER, et al.,            )
                                   )
            Defendants.            )

MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion in Limine [doc. #257],

Plaintiff's Motion in Limine [doc. #258], Defendants' Motion in Limine [doc. #263], Plaintiff's

Objection to Admission into Evidence of Defendants' Exhibits A, B, C, D, E and F [doc. #259],

Plaintiff's Objection to Admission into Evidence of Defendants' Exhibits [doc. #261], and

Defendants' Objections to the Admission into Evidence of Plaintiff's Exhibits 29-58 and Exhibits

62-127 [doc. #265].

On May 16, 2008, this Court held a pretrial conference to hear arguments on the parties

motions.  "The denial of a motion in limine does not generally preserve error for appellate

review." *Spencer v. Young*, 495 F.3d 945, 949 (8th Cir. 2007).  The Court is willing to

reconsider the decisions enumerated below, and as a result, this is not a definitive ruling, and an

objection must be made "to preserve a claim of error for appeal."  *Olson v. Ford Motor Co.*, 481

F.3d 619, 629 (8th Cir. 2007).

I.      **PLAINTIFF'S MOTION IN LIMINE [doc. # 257]**

Plaintiff requests that this Court exclude evidence of Officer Scott Hall's investigation

report, and testimony from Officer Hall recounting facts or statements learned in the course of his

investigation.  Investigation reports present issues of double hearsay as (1) the unsworn report

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

itself is hearsay, and (2) the statements of others that are recounted or summarized within the report are hearsay. *See United States v. Ortiz*, 125 F.3d 630, 632 (8th Cir. 1997). As a result, Defendants must show that exceptions to both layers of hearsay apply in order for this exhibit to be admissible. Defendants have failed to show that the statements of others that are recounted in the report fall under any exception to the hearsay rule, and as a result, this exhibit is inadmissible.

This objection will be sustained, in part. Officer Scott Hall may testify that he conducted an investigation and the steps he took in the investigation, including who he interviewed and any photographs he took, however, he may not testify to what any witness said or any conclusions he made in the course of his investigation based on the testimony of other witnesses. The evidence in the report is only admissible at trial if Plaintiff seeks to have that evidence admitted as an admission of a party opponent, or if either party seeks to use the statements to impeach a testifying witness.

## II.     PLAINTIFF'S MOTION IN LIMINE [doc. #258]

Plaintiff was convicted of assault of a law officer, armed criminal action, and unlawful use of a weapon in 1993. Plaintiff asks that the Court exclude evidence of these convictions as they are more than ten years old. Plaintiff asserts that this evidence is not relevant, is more prejudicial than probative, and is not admissible pursuant to Fed. R. Evid. 609.

While Plaintiff's convictions are more than ten years old, he is still serving his sentence for those convictions. Evidence of a conviction is inadmissible if "more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date. . ." Fed. R. Evid. 609. Plaintiff has not yet been released, and the ten years on which Plaintiff relies have not even begun to run. Even though evidence of Plaintiff's conviction is not time barred, prior convictions are not admissible for

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

impeachment purposes "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b).

Even if all evidence of Plaintiff's prior crimes were to be excluded, the Plaintiff would not profit from any jury perception that Plaintiff is a "model citizen" since he will be testifying about events occurring during his incarceration. *See, e.g. Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1979) (excluding evidence of plaintiff's convictions did not prejudice defendants in 42 U.S.C. § 1983 action where the "jury could hardly have forgotten that the case arouse in a prison setting."). On the other hand, the Court considers that the jury will be aware that Plaintiff is a convicted felon, and the admission of Plaintiff's prior crimes may cause only a relatively small amount of additional prejudice. *Brown v. Flury*, 848 F.2d 158, 159 (11th Cir. 1988).

The Court finds little reason to bar the admission of Plaintiff's prior convictions for armed criminal action and unlawful use of a weapon. The probative value of these convictions is small, but given the jury's knowledge that Plaintiff is a convicted felon, there is no prejudice that could substantially outweigh the probative value of these convictions.

Conversely, the admission of Plaintiff's prior conviction for assault of a law officer is barred. The Court has considered the facts and circumstances of this case. Plaintiff's prior offense was against a law enforcement officer, while in this case the evidence is that Plaintiff was attacked by another inmate. The pending suit is a civil action against three correctional officers, alleging violations of Plaintiff's constitutional rights by failing to protect or guarantee Plaintiff's safety, the excessive use of force, deliberate indifference to a serious medical need and retaliation for the exercise of a constitutionally protected right.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In a criminal trial, evidence of a past crime will be excluded where "the convictions are for the same type of offense as the pending charge because they cause unfair prejudice by suggesting that the party has a propensity to commit such acts." *Daniels v. Loizzo, et al.,* 986 F.Supp. 254, (S.D.N.Y. 1997) (*citing Lewis v. Velez*, 149 F.R.D. 474, 482 (S.D.N.Y. 1993)). These "same concerns are implicated where a defendant introduces a plaintiff's assault conviction in a Section 1983 excessive force case because the jury may improperly infer that, based on the prior conviction, the plaintiff instigated the incident." *Id.* Based on the facts and circumstances of this case, the Court cannot make the conclusion "that the probative value of the conviction . . . substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Accordingly, the Court concludes that evidence of Plaintiff's prior conviction for assault of a law officer is inadmissible for cross-examination purposes. This motion in limine is sustained, in part, and overruled, in part.

## II.     DEFENDANTS' MOTION IN LIMINE [doc. #263]

Defendants' Motion in Limine contains many parts. The Court will address each issue separately.

### 1.     *References to the "State of Missouri" or similar references suggesting the financial disparity of the parties or the State as the source of payment for any award of damages*

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not mention that the Defendants will be indemnified by the State of Missouri. However, the Plaintiff is not barred from stating that Defendants work for the State of Missouri and are being defended by the State of Missouri. This motion in limine is sustained.

### 2.     *References to claims dismissed by the Court in its Summary Judgment Order*

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not reference claims that were dismissed by the Court in the Summary Judgment Order. This does not preclude

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff from presenting evidence that is relevant to both the pending claims and those claims that were dismissed in the Court's Summary Judgment Order. This motion in limine is sustained.

**3.**      ***Evidence relating to the cost of medical services Plaintiff received or will receive for the treatment of the injuries he sustained, or that Plaintiff should recover damages for the cost of medical treatment received***

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not introduce evidence relating to the cost of the medical services Plaintiff received or will receive. Plaintiff may introduce evidence demonstrating the extent of the injuries suffered and the medical services provided to Plaintiff. This motion in limine is sustained.

**4.**      ***Evidence that Plaintiff should receive lost wages as damages***

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not introduce evidence relating to lost wages as damages. This motion in limine is sustained.

**5.**      ***Evidence of alleged violations of written or unwritten policies of the State of Missouri, the Missouri Department of Corrections, or the Northeast Correctional Center***

The Court will delay ruling upon the admissibility of evidence relating to the lock down policy until trial. If Plaintiff seeks to admit evidence of any other policies, Plaintiff must first give notice to the Court and Defendants outside of the presence of the jury.

**6.**      ***Evidence from Defendants' personnel files***

Plaintiff does not object to this motion, and the Court finds that Plaintiff may not introduce evidence from Defendants' personnel files. This motion in limine is sustained.

**7.**      ***Evidence relating to the mental or physical health of inmate Rafael Jackson***

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The Court will delay ruling upon Plaintiff's use of evidence of the mental or physical health of inmate Rafael Jackson until Plaintiff presents his case in chief. However, Plaintiff may use this evidence to impeach testifying witnesses.

**8.** ***Evidence relating to whether Rafael Jackson was prosecuted as a result of the attack.***

Defendants seek to exclude evidence that Rafael Jackson was not prosecuted for his attack on Plaintiff. The Court finds that Plaintiff may elicit testimony from Rafael Jackson as to whether he was prosecuted. Plaintiff may not state that Defendants made the decision or were responsible for the decision not to prosecute Rafael Jackson for the attack.

## IV.     PLAINTIFF'S OBJECTION TO ADMISSION INTO EVIDENCE OF DEFENDANTS' EXHIBITS A, B, C, D, E AND F [doc. #259]

These exhibits are from Officer Scott Hall's investigation report. The admissibility of these exhibits are discussed in Section I, above. These exhibits are only admissible at trial if Plaintiff seeks to have that evidence admitted as an admission of a party opponent, or if either party seeks to use the statements to impeach a testifying witness.

## V.      PLAINTIFF'S OBJECTION TO ADMISSION INTO EVIDENCE OF DEFENDANTS' EXHIBITS [doc. #261]

Plaintiff withdrew this objection at the hearing on May 16, 2008. Accordingly, it will be overrruled.

## VII.    DEFENDANTS' OBJECTIONS TO THE ADMISSION INTO EVIDENCE OF PLAINTIFF'S EXHIBITS 29-58 AND EXHIBITS 62-127 [doc. #265]

Plaintiff's exhibits 62-127 all concern inmate Rafael Jackson. As discussed in Section III(7) above, the Court will delay ruling upon Plaintiff's use of these exhibits until Plaintiff

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

presents his case in chief. However, Plaintiff may use these exhibits to impeach a testifying witness.

Plaintiff's exhibits 29-58 are grievances filed by Plaintiff. One of the pending claims alleges that Defendants retaliated against Plaintiff for the exercise of a constitutionally protected right. The constitutionally protected right at issue is Plaintiff's filing of grievances and lawsuits against the correctional officers where Plaintiff is imprisoned. Plaintiff does not seek to have these grievances admitted to prove the truth of the matter asserted, but instead to show that Plaintiff filed a great number of grievances leading up to the attack. The Court finds that these exhibits are admissible, however, any self-serving hearsay statements within the grievance forms must be blacked out. Any dispute over which statements should be redacted will be resolved at trial.

## VIII.  DEFENDANTS' OBJECTIONS TO THE ADMISSION INTO EVIDENCE OF PLAINTIFF'S EXHIBIT 60 [doc. #266]

This exhibit is a videotape from the housing unit that was recorded at about the time of the events described in Plaintiff's Fourth Amended Complaint. Defendants object to the admission of the videotape as it was taped at a high rate of speed, and Defendants argue that it is impossible to see what happened and does not fairly and accurately depict the events. At the hearing on May 16, 2008, Plaintiff demonstrated to the Court that the videotape could be advanced frame by frame, presenting the events at a viewable rate of speed. Defendant now objects that the slowed version of the tape is a material alteration to the original and is inadmissible.

The Court finds that Plaintiff has carried its burden and demonstrated that the enhanced tape "accurately reproduce[s] the scenes that took place, [and is] . . . accurate, authentic, and trustworthy." *United States v. Seifert*, 351 F.Supp 2d 926, 928 (D. Minn. 2005) (*quoting United*

7

*States v. Beeler*, 62 F.Supp 2d 136, 148-49 (D. Maine 1999)). During the hearing, the Court viewed the tape at both the speed at which it was recorded and as Plaintiff demonstrated how the recording could be advanced frame by frame. Plaintiff's version is a fair and accurate depiction of the original image and the images "more readily reveal, but remain true to, the recorded events." *Seifert*, 351 F.Supp 2d at 928. Exhibit 60 may be admitted into evidence, and this objection is overruled. The Court will offer a cautionary instruction to the jury when Exhibit 60 is offered into evidence.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine [doc. #257] is **SUSTAINED, in part.** Officer Scott Hall may testify that he conducted an investigation and the steps he took in the investigation, including who he interviewed and any photographs he took, however, he may not testify to what any witness said or any conclusions he made in the course of his investigation based on the testimony of other witnesses. The evidence in the report is only admissible at trial if Plaintiff seeks to have that evidence admitted as an admission of a party opponent, or if either party seeks to use the statements to impeach a testifying witness.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine [doc. #258] is **SUSTAINED, in part,** and **OVERRULED, in part.** Prior crimes testimony relating to Plaintiff's convictions for armed criminal action and unlawful use of a weapon is admissible, however, evidence relating to Plaintiff's conviction for assault of a law officer is not admissible.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine [doc. #263] is **SUSTAINED, in part,** and **OVERRULED, in part;**

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

1. Defendants' Motion to exclude references to the "State of Missouri" as the source of payment for any award of damages is **SUSTAINED.** However, the Plaintiff is not barred from stating that Defendants work for the State of Missouri and are being defended by the State of Missouri.

2. Defendants' Motion to exclude references to claims dismissed by the Court in its Summary Judgment Order is **SUSTAINED.** This does not preclude Plaintiff from presenting evidence that is relevant to both the pending claims and those claims that were dismissed in the Court's Summary Judgment Order.

3. Defendants' Motion to exclude evidence relating to the cost of medical services Plaintiff received or will receive for the treatment of his injuries is **SUSTAINED.** Defendant may introduce evidence demonstrating the extent of the injuries suffered by Plaintiff and the medical services provided to Plaintiff.

4. Defendants' Motion to exclude evidence that Plaintiff should receive lost wages as damages is **SUSTAINED.**

5. The Court will delay ruling on the admissibility of evidence of alleged violations of written or unwritten policies of the State of Missouri, the Missouri Department of Corrections, or the Northeast Correctional Center.

6. Defendants' Motion to exclude evidence from Defendants' personnel files is **SUSTAINED.**

7. The Court will delay ruling upon the admissibility of evidence relating to the mental or physical health of inmate Rafael Jackson.

8. Defendants' Motion to exclude evidence relating to whether Rafael Jackson was prosecuted as a result of the attack is **SUSTAINED, in part,** and **OVERRULED, in**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**part**.  The Court finds that Plaintiff may elicit testimony from Rafael Jackson as to whether he was prosecuted.  Plaintiff may not state that Defendants made the decision or were responsible for the decision not to prosecute Rafael Jackson for the attack.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Admission into Evidence of Defendants' Exhibits A, B, C, D, E and F [doc. #259] is **SUSTAINED.**  These exhibits are only admissible at trial if Plaintiff seeks to have that evidence admitted as an admission of a party opponent, or if either party seeks to use the statements to impeach a testifying witness.

**IT IS FURTHER ORDERED** that Plaintiff's Objection to Admission into Evidence of Defendants' Exhibits [doc. #261] is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendants' Objections to the Admission into Evidence of Plaintiff's Exhibits 29-58 and Exhibits 62-127 [doc. #265] is **OVERRULED, in part.**  The Court will delay ruling upon Plaintiff's use of exhibits relating to Rafael Jackson. Plaintiff's grievance forms are admissible, but any self-serving hearsay statements within the grievance forms must be redacted.

Dated this <u>19th</u> day of <u>May</u>, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com